IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:23-CV-00129-D-BM

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| BILAL & AAYA SUBWAY, INC., H&F SUBWAY INC., AND L&H SUBWAY, INC. | ) ) ) ) |
| Defendants. | ) ) ) |

## CONSENT DECREE

This Consent Decree embodies the final terms of resolution for the above-styled civil action, as agreed to by the United States Equal Employment Opportunity Commission ("Commission") and Bilal & Aaya Subway, Inc., H&F Subway Inc., and L&H Subway, Inc. ("Defendants"), (collectively "the Parties"), and as entered by this Court.

### I. BACKGROUND

1.  The Commission instituted this action pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended, ("Title VII") and Title I of the Civil Rights Act of 1992, 42 U.S.C. § 1981a, to correct unlawful sex-based employment practices and to secure appropriate relief for Darryl Robinson ("Mr. Robinson").

2.  The Commission alleges, and Defendants deny, that Defendants discriminated against Darryl Robinson ("Mr. Robinson") by subjecting him to a hostile work environment and forcing him to resign because of his race and color (Black). The Commission's complaint further alleges,

and Defendants deny, that Defendants discharged a class of employees because of their race and color (Black) and failed to hire a class of applicants because of their race and color (Black).

3. In the interest of resolving this matter, and to avoid the costs of further litigation, the Parties engaged in comprehensive settlement negotiations and have agreed that this action should be finally resolved by this Consent Decree and that this Consent Decree is final and binding on the Parties, their successors, and assigns.

## II. FINDINGS

4. Having carefully examined the terms and provisions of this Consent Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds the following:

    a. This Court has jurisdiction over the Parties and the subject matter of this action;

    b. The terms of this Consent Decree are adequate, reasonable, equitable, and just;

    c. The rights of the Parties and the public interest are adequately protected by this Consent Decree;

    d. The purpose and provisions of Title VII will be promoted and effectuated by the entry of this Consent Decree;

    e. This Consent Decree constitutes the complete understanding between the parties regarding the matters discussed herein;

    f. This Consent Decree, by the terms contained herein, constitutes a fair and equitable settlement between the Parties and effectively resolves all matters in controversy relating to the above-styled civil action and the underlying administrative charge;

## III. TERMS

WHEREFORE, it is ORDERED, ADJUDGED and DECREED as follows:

5. The Parties have agreed that the subject matter of this action is properly before the Court. The Court will retain jurisdiction for the duration of this Consent Decree, which shall be for a period of three (3) years.

6. If, at the end of the three (3) year period, any disputes regarding compliance remain unresolved, the term of this Consent Decree shall automatically extend, and the Court will retain jurisdiction of this matter to enforce the Consent Decree until such time as all such disputes have been resolved.

7. Defendants shall not contest the right of the Commission to bring an enforcement action seeking compliance upon an alleged breach of any term of this Consent Decree.

8. The purpose and provisions of Title VII will be promoted and effectuated by the entry of this Consent Decree. This Consent Decree fully and finally resolves the claim asserted by the Commission in this action and the claims asserted by Mr. Robinson in the underlying administrative charge, identified as EEOC Charge No. 433-2021-02699.

9. This Consent Decree does not resolve any other charge of discrimination filed with the Commission, whether previously filed with the Commission, currently pending before the Commission or which may be filed with the Commission in the future. The Commission reserves all rights to proceed with the investigation and/or litigation of any other charges or claims, including, but not limited to, the investigation and litigation of any pending or future charges or claims against Defendants and all affiliated entities.

10. The terms and obligations of this Consent Decree set forth herein as those of "Defendants" shall be inclusive of its officers, agents, servants, employees, successors, assigns, and all those in active concert or participation with Defendants.

11. No amendment or waiver of any provision of this Consent Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties. On behalf of the Commission, the authorized representative is the Regional Attorney for the Charlotte District. On behalf of Defendants, the authorized representative is Mahmoud ("Mike") Kurdasi.

12. If any provision of this Consent Decree shall be deemed unenforceable, the remaining provisions shall survive and remain in full force and effect.

## IV. INJUNCTIVE RELIEF

13. Defendants shall not discriminate against any person on the basis of race or color or any other protected category within the meaning of Title VII, including by creating or maintaining a racially hostile work environment, or by failing to prevent or correct harassing behavior in the workplace.

14. Defendants shall not discriminate against any person on the basis of race or color or any other protected category within the meaning of Title VII, including by discharging a class of Black employees or failing to hire a class of Black applicants because of their race and color.

15. Defendants shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

## V. MONETARY RELIEF

16. Defendants shall pay Mr. Robinson the sum of Twenty-Five Thousand Dollars ($25,000.00) in settlement of the claims raised in this action. Defendants shall make payment by issuing a check payable to Darryl Robinson. Payment shall be made within thirty (30) days after the Court approves this Consent Decree, and Defendants shall mail the check to Mr. Robinson at

an address provided by the Commission. Within ten (10) days of sending the check, Defendants shall provide the Commission a copy of the check and proof of its delivery to Mr. Robinson. Neither the Commission nor Defendants make any representation regarding, or assume any responsibility for, any tax liability, assessments, interest, penalties and/or costs that Mr. Robinson may or may not incur on such payments under local, state and/or federal law.

17. The parties acknowledge that the payment agreed to in this Consent Decree constitutes a debt owned and collectable by the United States.

18. Neither the Commission nor Defendants make any representation, or assumes responsibility for any tax liability, assessments, interest, penalties, and/or costs that any class members may or may not incur on such payments under local, state, and/or federal law.

## VI. NON-MONETARY RELIEF

19. Within ten (10) days of the entry of this Consent Decree by the Court, Defendants shall eliminate from its employment records of Mr. Robinson any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 433-2021-02699 and the related events that occurred thereafter, including this litigation. Within fifteen (15) days of the entry of this Consent Decree by the Court, Defendants shall report their compliance with this provision to the Commission.

20. Defendants shall provide Mr. Robinson with a positive letter of reference using the form attached and labeled Exhibit A. Within ten (10) days of the entry of this Consent Decree by the Court, Defendants shall provide the original, signed letter of reference to Mr. Robinson at an address provided by the Commission. The parties agree that Mr. Robinson is free to disseminate the letter to potential employers. Upon receipt of any inquiry about Mr. Robinson from a potential

employer, Defendants shall provide only the information set forth in the letter of reference in response.

## VII.  POLICY REVISION

21.  Within sixty (60) days of the entry of this Consent Decree Defendants shall create and distribute an anti-discrimination and harassment policy that will, at a minimum, meet the following criteria:  (a) provide an explanation of the requirements of the federal equal employment opportunity laws, including Title VII, and its prohibition against  racial harassment, race-based discrimination, and retaliation; (b) provide a definition of harassment which includes examples of racial harassment; (c) include a statement that employee use of race-based or racially inappropriate comments will not be tolerated and can lead to disciplinary action, up to and including termination of employment; (d) include  a statement that employees may report harassment to any manager or supervisor, and an outline of the immediate steps that managers or supervisors shall take in response to such a report; (e)  include a statement that managers or supervisors shall document all verbal or written complaints and/or other information regarding reports and/or observations of possible harassment, including any harassment witnessed by the manager or supervisor; (f)  include a statement that Defendants will thoroughly investigate all complaints of discrimination; (g) include a statement that no retaliation against the target of the discrimination, individuals who provide information, or other individuals contacted in the course of an investigation (or otherwise involved in an investigation) will be tolerated and that any such retaliation will result in serious disciplinary action, up to and including termination of employment;  (h)  include a statement that any manager or supervisor who permits harassment to occur, fails to report harassment, or fails to implement measures outlined in the anti-discrimination and harassment policy to remedy harassment shall be appropriately disciplined, up to and including termination of employment,

suspension without pay, or demotion, and that a record of such discipline will be placed permanently in his or her personnel file; (i) provide a procedure for the prompt commencement of an investigation following receipt of a complaint of discrimination, harassment or hostile work environment, or observation of such conduct, and for the imposition of disciplinary and remedial action as appropriate, including written discipline, suspension without pay, termination of employment, and temporary or permanent transfer to a different shift or facility; and (j) outline the process by which Defendants will investigate, periodically update the employee who submits a complaint, resolve the complaint, and document in writing the complaint, Defendants' response to the complaint and the outcome.

22. Within sixty (60) days after the Consent Decree is entered, Defendants' Owner shall prepare, sign, and distribute a letter addressed to Defendants' employees that contains the following information: (a) discrimination or harassment based on race violates Title VII of the Civil Rights Act of 1964, as amended; (b) Defendants have created an anti-discrimination and harassment policy to prevent discrimination and harassment based on race; (c) all managers, supervisors, and employees are expected to read and act in accordance with the attached anti-discrimination and harassment policy; (d) discrimination or harassment based on race will not be tolerated and is ground for disciplinary action, up to and including immediate termination of employment; (e) employees who report discrimination and/or harassment based on race will not be subject to retaliation; and (f) retaliation will not be tolerated and any manager who takes retaliatory action against an employee because of (i) a report of harassment and/or discrimination, (ii) filing of a charge of discrimination or retaliation, (iii) giving of testimony or assistance regarding a report of discrimination, (iv) giving of testimony or assistance regarding a charge of discrimination, or (v) participation in any investigation, proceeding, or hearing under Title VII,

will be subject to disciplinary action, up to and including discharge. Defendants shall attach the anti-discrimination and harassment policy described in paragraph 23 to the above-described letter. Within ten (10) days after the distribution of the letter described herein, Defendants shall report compliance with the terms of this paragraph to the Commission.

23. Within sixty-five (65) days of the entry of this Consent Decree, Defendants shall post a copy of the anti-discrimination and harassment policy described in paragraph 21 in all facilities and in a place where it is visible to employees, including on all active job sites within a common shared area used by employees. Within ten (10) days of the posting of the anti-discrimination and harassment policy, Defendants shall report their compliance with this paragraph to the Commission. If any policy becomes defaced or unreadable, Defendants shall replace it by posting another copy of the policy.

24. During the term of this Consent Decree, Defendants shall distribute the anti-discrimination and harassment policy to all new employees and review it with them at the time of hire.

## VIII. TRAINING

25. During the term of this Consent Decree, Defendants shall provide an annual training program of at least two hours to be attended by all of its managers, supervisors, and employees. Each annual training shall include an explanation of (a) the history and requirements of Title VII of the Civil Rights Act of 1964; (b) Title VII's prohibition against harassment and discrimination in the workplace; (c) the prohibition under Title VII against retaliation in the workplace; (d) an explanation of Defendants' anti-discrimination and harassment policy referenced in paragraph 23; (e) an explanation of the rights of employees and responsibilities of Defendants' owner, managers, and supervisors Defendants' anti-discrimination and harassment policy, including to whom and how to report discrimination and/or harassment; (f) the penalties for engaging in discriminatory or

retaliatory behavior; and (g) an explanation and outline of Defendants' reporting and investigation procedure as outlined within its anti-discrimination and harassment policy.

26. The first annual training program must include an interactive component and may be delivered either in person or via live teleconference. Subsequent trainings may be recorded. Defendants shall require attendance from all managers, supervisors, and employees at each annual training.

27. Defendants shall require all employees who attend the training to print and sign their full name on a roster. Defendants shall allow one or more representative(s) from the Commission to attend the trainings required by this paragraph at the sole discretion of the Commission.

28. The first annual training required by paragraph 25 shall be completed within one hundred (100) days after entry of this Consent Decree by the Court. Each subsequent training shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendants shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-CTDO-decree-monitoring@eeoc.gov. Defendants should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) days of submission of the agenda. Within ten (10) days after completion of each training program, Defendants shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance, as well as any not present.

### IX. NOTICES

29. Beginning within thirty (30) days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendants shall conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this Consent Decree, in a place where it is visible to employees at its facilities. If the Notice becomes defaced or unreadable,

Defendants shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Consent Decree, Defendants shall certify to the Commission that the Employee Notice has been posted pursuant to this provision.

30. During the term of this Consent Decree, Defendants shall post a copy of the policy described in paragraph 21, in all of their facilities and work sites in a place visible to all employees. If the policy becomes defaced or unreadable, Defendants shall replace it by posting another copy of the policy. Within sixty-five (65) days after the Consent Decree is entered, Defendants will post the policy and certify to the Commission that it has been posted.

## X. COMPLIANCE AND REPORTING

31. During the term of this Consent Decree, Defendants shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information: (a) the identity of each employee who at any time during the reporting period complained either verbally or in writing of race-based conduct or comments, including by way of identification each person's name, address, telephone number, and job title; (b) for each employee identified in paragraph 31(a), the name and job title of the person whose conduct or comments were the subject of the complaint, the date of the complaint, the name of the individual to whom the employee complained, a detailed description of the conduct or comments complained of, and a detailed description of any action Defendants took in response to the complaint; (c) for each individual identified in paragraph 31(a), whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time), and a detailed statement explaining why the individual's employment status has changed; (d) the identity of each employee discharged, including each person's name, address, telephone number, race, job

title, location, date of discharge, reason for discharge, and identity of the person by full name and job title making the discharge decision; and (e) the identity of each applicant hired, including each person's name, address, telephone number, race, job title, location, date of hire, and identity of the person by full name and job title making the hiring decision.

Defendants shall provide the social security number of any individual identified in response to 31(a), (d) or (e), within seventy-two (72) hours of a request by the Commission. In the event there is no activity to report pursuant to this paragraph, Defendants shall send the Commission a "negative" report indicating no activity.

32. Defendants shall provide written notice to any potential purchaser of Defendants' business(es) and to any other potential successor(s) of the existence and contents of this Consent Decree upon receipt of an offer to purchase prior to the termination of the Consent Decree. Defendants shall notify the EEOC of any contract for the sale if received prior to the termination of the Consent Decree.

33. The Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect Defendants' facilities and work sites, interview employees, and examine or copy documents.

34. If anytime during the term of this Consent Decree, the Commission believes that Defendants are in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendants. Defendants shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

35. All notices to Defendants by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Mike Kurdasi at mkurdasi@hotmail.com with a courtesy copy to Joshua Bennett at jbennett@bennett-guthrie.com. If at any time during the term of this Consent Decree Defendants' designated point of contact changes, Defendants shall notify the Commission and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) days of the change.

36. All reports or other documents sent to the Commission by Defendants pursuant to this Consent Decree shall be sent by electronic mail to <u>EEOC-CTDO-decree-monitoring@eeoc.gov</u>.

37. Each party shall bear its own costs and attorney's fees related to this litigation, excepting an action to enforce the terms of this Consent Decree.

38. During the duration of this Consent Decree, the Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate. The EEOC may seek Court-ordered enforcement of the Consent Decree in the event of a breach of any provision herein.

_____  _____
Date                                                                          James C. Dever III
                                                                                      United States District Judge
                                                                                      Eastern District of North Carolina

The parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff** | **BILAL & AAYA SUBWAY, INC. H&F SUBWAY INC., AND L&H SUBWAY, INC., Defendants** |

KARLA GILBRIDE
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

MELINDA C. DUGAS
Regional Attorney

ZOË G. MAHOOD
Supervisory Trial Attorney

/s/ Amy E. Garber
AMY E. GARBER
Trial Attorney
Norfolk Local Office
200 Granby Street, Suite 739
Norfolk, VA 23510
Tel: (757) 600-4726
Fax: (704) 954-6412
Email: amy.garber@eeoc.gov
VA Bar No. 37336

JOSHUA KADEL
Trial Attorney
Virginia Bar No. 89308
Telephone: (804) 362-6924
Email: joshua.kadel@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**

/s/ Joshua H. Bennett
Joshua H. Bennett
Bennett Guthrie PLLC
1560 Westbrook Plaza Drive
Winston-Salem, North Carolina 27103
Tel: (336) 765-3121
Email: jbennett@bennet-guthrie.com
NC Sate Bar No. 32576

**ATTORNEY FOR DEFENDANTS**

# EXHIBIT A

[Defendant's letterhead] [Date]


TO WHOM IT MAY CONCERN:

We provide the following reference on behalf of our former employee, Darryl Robinson.

Darryl Robinson was employed at Subway restaurants that I own and operate from [date] to [date]. During his tenure with us, Mr. Robinson held the position of general manager, in which capacity he handled ordering, scheduling, training, and other personnel matters. Mr. Robinson performed his job well, resigned voluntarily and had no performance issues.

We hope that this information about Mr. Robinson is helpful to you.

Sincerely,


Muhammed "Mike" AlKurdasi
Subway franchise owner

IN THE UNITED STATES DISTRICT COURT  **EXHIBIT B**
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>BILAL & AAYA SUBWAY, INC., )<br>H&F SUBWAY INC., AND )<br>L&H SUBWAY, INC. )<br>Defendants. )<br>) | Civil Action No.<br>5:23-CV-00129-D-BM |

## EMPLOYEE NOTICE

1. This Employee Notice is posted pursuant to an agreement between the U.S. Equal Employment Opportunity Commission and Bilal and Aaya Subway, Inc. et al ("Subway restaurants owned by Mike Kurdasi) in a case of alleged discrimination based on race.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's sex, color, religious, race, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding or hearing, or otherwise asserted the rights under the laws enforced by the EEOC.

3. Subway restaurants owned by Mike Kurdasi will comply with such federal laws in all respects. Furthermore, Subway restaurants owned by Mike Kurdasi will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or provided testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S Equal Employment Opportunity Commission.

Employees have the right to report allegations of employment discrimination in the workplace. An employee may contact their local U.S Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

U.S. Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820
www.eeoc.gov

This Notice will remain posted for at least three (3) years by agreement with the EEOC.

**DO NOT REMOVE THIS NOTICE UNTIL:** [INSERT DATE]